UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ERIC GILMORE, | ) |
| | ) |
| Plaintiff, | ) No. 1:11-cv-00097 |
| | ) Judge Haynes |
| v. | ) |
| | ) |
| CORRECTIONS CORPORATION OF | ) |
| AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM

Plaintiff, Eric Gilmore, an inmate at the West Tennessee Detention Facility in Mason, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 (Docket No. 1) against the Defendants: f/n/u Chapman, warden, South Central Correctional Facility (SCCF); f/n/u Pritcher, assistant warden, SCCF; SCCF Medical Department; f/n/u Stewart, doctor; f/n/u Weens, nurse; f/n/u Jones, corrections officer; f/n/u Garrett, grievance chairperson; and Corrections Corporation of America (CCA). (*Id.*) The Plaintiff seeks monetary damages for Defendant's alleged failure to provide medical care. (*Id.* at p. 5).

A. Analysis of the Complaint

According to his complaint, Plaintiff suffers from hip and blood pressure problems. While Plaintiff was an inmate at SCCF, Defendant Dr. f/n/u Stewart refused to follow written orders of a previous doctor employed by SCCF regarding Plaintiff's medical care. Plaintiff alleges that CCA fired the previous doctor because of her race and because she was "giving inmates proper medical treatment." (Docket No. 1 at p. 2). Plaintiff further alleges that Dr. Stewart "refused to see"

1

Plaintiff and this delay in treatment caused the Plaintiff to suffer extreme pain. Plaintiff also alleges that, for a period of two months, the Plaintiff repeatedly asked for clothes that fit him but the Defendants did not provide him with clothes in his size. Plaintiff allegedly submitted grievances to the warden, assistant warden, and grievance chairperson regarding his problems but no one ever addressed his grievances. (Docket No. 1).

### B. Conclusions of Law

Under the Prison Litigation Reform Act (PLRA), the district court must screen any complaint filed by a prisoner against a governmental entity or official or employee of a governmental entity before the complaint is filed or as soon as practicable after docketing. 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, the court "shall" identify cognizable claims or dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *McGore*, 114 F.3d at 612. Thus, the Court must screen the Plaintiff's complaint.

To state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Finally, the plaintiff's factual allegations must describe a

"plausible" basis for the violation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Plaintiff's first claim is for the denial of medical care, or a delay in receiving medical care, by Dr. Stewart, Nurse Weems, and the SCCF Medical Department. First, the Court notes that prison and jail medical staffs/departments are not "persons" within the meaning of § 1983. *Hix v. Tennessee Dep't of Corr.*, 196 Fed. Appx. 350, 355-356 (6th Cir. 2006)(collecting cases from other circuits). Accordingly, the Plaintiff's claims against the SCCF "Medical Department" must be dismissed.

For denial of medical care, the Eighth Amendment requires a plaintiff to allege that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Even if Dr. Stewart's treatment decisions regarding the Plaintiff differed in scope and nature than the medical treatment by the prior physician who is no longer employed by the facility, those allegations challenge the quality of care, that is not a constitutional violation. The Plaintiff received some medical attention and simply has a difference of opinion regarding the treatment received. Although Plaintiff alleges that Dr. Stewart refused to "see" or treat the Plaintiff, the Plaintiff admits

3

that Dr. Stewart examined the Plaintiff on October 4, 2011. The complaint was filed on November 24, 2011, so less than two months had passed since Dr. Stewart examined the Plaintiff when the Plaintiff initiated this action. Plaintiff admits that he was able to see Nurse Weens between October 4, 2011, and November 24, 2011, but the Plaintiff intentionally refused to follow her instructions and even declined to take medication against her medical advice. (Docket No. 1 at p. 2). Even if the Plaintiff believes that Dr. Stewart should have examined him within the two-month period at issue, Plaintiff does not allege that either Defendant acted with deliberate indifference. The Court concludes that the Plaintiff's allegations are insufficient to state an Eighth Amendment claim for the denial of medical treatment against Dr. Stewart and Nurse Weems. These claims will be dismissed.

Plaintiff's second claim is that he did not receive clothing that fit him properly for a two-month period while incarcerated at SCCF. Without more, these allegations do not rise to the level of a constitutional violation. As such, the allegations fail to state claims upon which relief can be granted under Section 1983 against any Defendant and will be dismissed.

Plaintiff's third claim is that a number of Defendants refused to address grievances filed by the Plaintiff regarding his problems at SCCF. Where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct. *See Shehee*, 199 F.3d at 300. A "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WL 202173, at *2 (6th Cir. Jan. 28, 2003)(citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988)). Given that

4

the Plaintiff's allegations against the warden, the assistant warden, and the grievance chairperson pertain only to their roles in denying or responding to the Plaintiff's grievances, the allegations against those Defendants fail to state claims upon which relief can be granted. Accordingly, those claims will be dismissed.

Although prisoners have a First Amendment right to file grievances, *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). A prisoner plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Court concludes Plaintiff state a § 1983 claim on the grounds that the various defendants' responses to his grievance were inadequate. Accordingly, Plaintiff's grievances claims fail to state claims upon which relief can be granted.

To the extent that the complaint attempts to allege claims on the behalf of the physician whose employment was allegedly terminated by CCA due to her race or medical treatment of inmates, the *pro se* Plaintiff lacks standing to assert the interests of another person. The complaint does not contain factual allegations against CCA and thus, fails to state a claim upon which relief can be granted as to Defendant CCA.

For the reasons explained herein, the Court concludes that Plaintiff's § 1983 claims against all Defendants fail to state claims upon which relief can be granted; therefore, all claims will be

5

dismissed with prejudice.

    An appropriate Order will be entered.

                                             _____
                                             William J. Haynes, Jr.
                                           United States District Judge

                                           5-2-12